JOB R. DURAN *vs.* GEORGE F. AYER.

Cumberland.   Decided November 10, 1877.

*Trial.   Interest.*

Upon the dissolution of a co-partnership of the parties under the name of Duran & Co., the defendant, by writing, promised the plaintiff to assume and pay all the debts and liabilities of the firm and hold (the plaintiff) Duran harmless from the same and from all costs and damages on account of the same; and there were outstanding notes signed by the plaintiff, payable to him or order, and indorsed by him and by Duran & Co.

*Held*, 1. That it was for the jury to determine whether these notes were debts and liabilities of the firm.

2. That when the plaintiff mortgaged his own real estate to secure the payment of firm debts, and he lost the house by a foreclosure of the mortgage, he was entitled to recover the amount of damages sustained thereby, but not to exceed the notes and interest.

When a note is given on time, with interest at the rate of twelve per cent., the holder after maturity receiving interest by operation of law and not under the contract, is entitled to six per cent. only.

ON EXCEPTIONS from the superior court.

ASSUMPSIT on the following agreement : "Portland, Dec. 11, 1874.   Job R. Duran having this day sold and conveyed to me all his interest in the property and rights and credits of the firm of J. R. Duran & Co., said firm consisting of said Duran and myself, and it being part of the consideration of said sale, that I shall assume and pay all debts and liabilities of said firm now existing, I do hereby promise and agree to and with said Duran, that I will assume and pay all the debts and liabilities of the said firm of J. R. Duran & Co., and hold said Duran harmless from the same, and from all costs or damage on account of the same.   And I further promise and agree, in consideration of said conveyance to me, to pay to the said J. R. Duran the sum of fifteen hundred dollars in five equal installments of three hundred dollars each ; the first payable March fifteenth; the second, April first; the third, April fifteenth; the fourth, May first ; and the fifth, May fifteenth, 1875.   (Signed) George F. Ayer.   Witness, S. C. Strout."

The parties agreed, that of the $1,500, $806 had been paid, and the balance $694 and interest remained due.

The plaintiff claimed at the trial that two notes were given for loans to the firm and were firm liabilities, which the defendant, under the agreement in suit, was bound to pay. The defendant contended that the notes were the personal debt of the plaintiff and not the debt of the firm. These notes were of the following tenor: "$500, Portland, September 5, 1874. Four months after date, I promise to pay to the order of J. R. Duran, five hundred dollars, payable at Casco National, with interest, at 12 per cent., value received. (Signed) J. R. Duran. (Indorsed) J. R. Duran, J. R. Duran & Co."

"Mortgage duly stamped. $550. Portland, July 16, 1873. On demand, after date, I promise to pay to the order of Nathan Hill, five hundred fifty dollars, at any bank in Portland, value received, with interest of twelve per cent. per annum, payable semi-annually, till said note is paid. (Signed) J. R. Duran. (Indorsed) without recourse, Nathan Hill, J. R. Duran & Co."

Prior to the giving of either of the notes, the plaintiff owned a house in Portland, which was under mortgage, on which was then due about $1,400 and interest. July 16, 1873, he mortgaged the equity to Nathan Hill to secure note of $550. On March 5, 1874, a note was given for money loaned by George R. Davis, and the plaintiff secured this note by an absolute deed of his house, subject to the mortgage. The note of September 5, 1874, was given in renewal of the note of March 5, 1874, and in the same form. Davis at the date of the agreement in suit gave the following: "Portland, December 11, 1874, I, George R. Davis, hereby agree to and with Job R. Duran that upon the payment to me by George F. Ayer, of said Portland, of the sum of ten hundred and fifty dollars, with accrued interest thereon, within six months from date hereof, I will discharge a certain mortgage on the house No. 31 Elm St., in said Portland, now occupied by said Duran, made to secure the sum of five hundred and fifty dollars; and I will also convey to said Duran, or to such other person as he may direct, by good and sufficient deed, all my right, title and interest in and to said house, subject to any other outstanding mortgages. (Signed) George R. Davis."

The plaintiff never paid either of said notes or mortgages, other-

wise than by his house which subject to said mortgage was taken by Davis who still holds the said five hundred dollar note. The plaintiff claimed, and there was testimony tending to prove, that the value of the house was $3000, and sufficient, at any time before it was taken from him, to pay all incumbrances on it, including the $500 note. Davis testified it would not sell for over $2000 at the time of the trial and offered to sell it for that. There was evidence tending to show that on July 1st, 1876, the whole amount due and secured by mortgages and deed to Davis of the house, including unpaid taxes, amounted to $3195. Plaintiff claims, and there was testimony tending to show, that the two notes in controversy were fully paid by the house taken by Davis, while Davis testified that the house was insufficient to pay the incumbrances by more than $1000.

The $500 note was signed by plaintiff, who testified that he placed the name of J. R. Duran & Co. on the back of the note, at its acceptance, and before he placed his own name on the back, and claimed this made the firm of J. R. Duran & Co. original promisors ; and also claimed and testified that as between him and the firm, the notes were an accommodation by him. Mr. Davis who wrote and received the note, testified that the plaintiff signed and indorsed it, and handed it to him, Davis, and he, Davis, passed it back, and desired Duran to place the firm name on it, which plaintiff then did ; and the defendant claimed that J. R. Duran and he were indorsers only.

Davis was surety upon a bond given by the defendant of record to release attachment against Ayer and to pay the judgment recovered in this case, and is the real party conducting the defense. Upon these issues the judge instructed the jury : "If a note is made payable to me and I indorse it, I assume simply the liability of an indorser ; that is, upon non-payment by the maker, and due notice to me, that I will pay the note. Whereas, if a note is payable to a third person and signed by another person, and I at the time of the inception of the note, and as a part of it, put my name on the back of the note, I am not an indorser but an original maker, as liable as if my name appeared on the face of the note as one of the makers.

"The question is not whether the firm of J. R. Duran & Co. were liable as sureties or indorsers, or what their liability upon that note to Davis may have been; the question is, how does the matter stand between the firm of Duran & Co. and Duran. Was this a debt of the firm, or as between the firm and Duran was it a personal, private debt of Duran, which it belonged to him to pay.

"Upon this issue the burden of proof is upon the plaintiff to satisfy you by the balance of the testimony, by the weight of evidence, that at the time the amount of indebtedness represented by these two notes was a firm debt, a firm liability, one that as between this plaintiff Duran and the firm, it belonged to the firm to pay.

" So that you perceive that the determination of this case is free from any technicality. It is a pure question of fact and the determination of it must depend upon the finding of the jury from all the evidence in regard to that matter. That is to say, the plaintiff in order to recover here must satisfy you that this money was procured and advanced for the benefit of the firm of J. R. Duran & Co. It would not be sufficient if he simply put it in as a part of his capital which it was his duty to put into the firm. That would not create a firm liability, or if it was advanced by Duran as any money due from him to the firm which he had previously drawn out. If it was used in that way it would not create a firm liability. But the plaintiff must prove to your satisfaction, in order to recover, that this money was procured by him for the benefit of the firm, and advanced to the firm, money which was not due or owing from him to the firm but money which he advanced to the firm, and of which the firm had the benefit. If he has satisfied you of that, then he is entitled to recover for the amount of the notes; and upon this question, which is the vital question at issue, your determination of it will decide the case. You will consider the direct testimony of the witnesses, and determine what degree of credit to give it. You will examine the books and papers so far as they seem to you to throw light upon the case, and you will consider the probabilities and the circumstances of the parties, and say to which result your minds, after a review of the whole, incline.

"The notes you perceive are given for twelve per cent. interest,

which is a legal rate of interest under the law of this state as it now stands, when agreed upon and stated in the note.

"Instead of the instruction I gave you as to the amount that the plaintiff may recover upon the two notes, I modify my ruling to this extent, and say to you that for the non-payment by the defendant of the debts evidenced by the two notes in the case the plaintiff, if entitled to recover, is entitled to recover the amount of damage which he is shown by the testimony to have sustained thereby, not to exceed the amount of the notes and interest." No other instructions were given upon these points.

The verdict was for the plaintiff for $2214.01; and the defendant alleged exceptions.

*S. C. Strout & H. W. Gage,* for the defendant, contended that to fix the liability of the defendant, the agreement should be strictly construed, in this action at law, and not as in a suit in equity between partners (*Childs* v. *Walker,* 2 Allen, 259); that the claim, on the $500 note, not being one which he could enforce against the firm in an action at law, was not a "debt and liability" of the firm within the meaning of the agreement; the written words are the conclusive evidence of the intent; that the charge of the judge made the defendant liable for non-payment of matters which the firm was only morally or equitably bound to pay, while the agreement covered only legal debts and liabilities; that the instruction on the matter of damages was insufficient; that the value of the house was the measure of damages limited by the amount of the notes and interest; but to the value of the house as an element of damages, the judge made no allusion; that the interest on the $500 note could only be computed at twelve per cent. till it become due in four months, and after that time it must be computed at six per cent.; that reckoning the $500 note in this way and the $550 note at twelve per cent. to the time of trial and the $694, balance of the installments with interest from the time they severally became due to the time of trial, the utmost that could be claimed would be $2148.32; and the verdict was for $2214.01, showing that the jury acted under an erroneous ruling in regard to interest.

*A. A. Strout & G. F. Holmes,* for the plaintiff, contended that while Duran having to furnish the security for the money by a mortgage on his house naturally gave the notes in his own name, yet as matter of fact (which the jury must have found) the loan was to the firm as an independent transaction and that Duran was merely an accommodation signer ; and that as matter of law in such case as between the accommodator and the party accommodated, whatever the relative position of their names on the notes, the latter as between the two, is the real principal to the note, which is his debt, though subsequent holders have the right to treat parties as they find them on the paper. *Hunter* v. *Kibbe,* 5 McLean, 279. *Thompson* v. *Clubley,* 1 M. & W. 212. *Torrey* v. *Foss,* 40 Maine, 74. *Collot* v. *Haigh,* 3 Camp. 281. *Parks* v. *Ingram,* 22 N. H. 283.

That the loss of the house constituted a damage for which the plaintiff was entitled to recover, not exceeding the amount due on the notes ; and that the jury were in effect so instructed ; that if defendant's counsel desired more specific instructions they should have asked for them. *Harpswell* v. *Phipsburg,* 29 Maine, 313. *State* v. *Conley,* 39 Maine, 78. *Gardner* v. *Gooch,* 48 Maine, 487. *Darby* v. *Hayford,* 56 Maine, 246.

That the instruction on the matter of interest was correct as far as it went, and none further was asked for.

APPLETON, C. J. The plaintiff and defendant were formerly partners. On the 11th of December, 1874, the plaintiff sold the defendant "all his interest in the property and rights and credits of the firm of J. R. Duran & Co." In consideration of this sale, the defendant, by his contract of that date, promised the plaintiff that he would "assume and pay all the debts and liabilities of the said firm of J. R. Duran & Co. and hold said Duran harmless from the same and from all costs and damage on account of the same." There is a further promise to pay the sum of $1500 in five equal installments in regard to which there is no dispute, the amount being agreed upon.

This suit is upon the agreement of December 11, 1874. The plaintiff introduces two notes signed by himself, payable to his own order and indorsed by him and by J. R. Duran & Co. These

notes were in the hands of G. R. Davis, to whom the plaintiff mortgaged a house owned by himself as security.

The main issue was whether these notes were "debts and liabilities" of the plaintiff or of the firm of J. R. Duran & Co.

Upon this question the presiding justice gave the following instructions : "Was this a debt of the firm, or as between the firm and Duran was it a personal, private debt of Duran, which it belonged to him to pay. Upon this issue the burden of proof is upon the plaintiff to satisfy you by the balance of the testimony, by the weight of evidence, that at the time the amount of indebtedness represented by these two notes was a firm debt, a firm liability, one that as between the plaintiff Duran and the firm, it belonged to the firm to pay."

To this the defendant cannot reasonably object, for if it was a "firm debt or liability" he was bound by his agreement to pay it.

The two notes in controversy not having been paid by the defendant as the jury must have found it was his duty to do, the plaintiff in consequence thereof has lost his house, which he mortgaged to secure their payment. He has paid this firm debt to the extent of the value of his interest in the house. This value has been very variously estimated. But the value, whatever it may be, is the measure of damage sustained by the plaintiff.

The presiding justice first instructed the jury that the measure of damage was the amount of the notes. If the notes had been fully paid by the house there could have been no objection to this instruction. But as the value of the house was in dispute, the judge subsequently modified his instruction thus : "Instead of the instruction I gave you as to the amount the plaintiff may recover upon the two notes, and modifying my ruling to this extent, I say to you that for the non-payment by the defendant of the debts evidenced by the two notes in the case the plaintiff, if entitled to recover, is entitled to recover the amount of damages which he is shown by the testimony to have sustained thereby, not to exceed the amount of the notes and interest."

The property of the plaintiff paid these notes to the extent of the value of his house. It might have been of much greater value than the notes. The plaintiff could not recover for such excess.

He was limited to the damage "sustained thereby;" that is, by the loss of the house.. This is perfectly clear and intelligible. If the defendant desired anything more explicit, he should have asked for it. We think the jury could not have misunderstood this ruling. It was in no respect adverse to the defendant.

The notes were on time and at the rate of twelve per cent. It has been held in such case that after maturity of the note, the plaintiff is entitled to interest by operation of law, and not by any provision of the contract. *Brewster* v. *Wakefield,* 22 How. 118. *Burnhisel* v. *Firman,* 22 Wall. 170.

If there be an excess of interest in the verdict, as claimed by the defendant, the plaintiff upon entering a remittitur will be entitled to judgment.

WALTON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.